AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Tennessee     REDACTED

UNITED STATES OF AMERICA )   **JUDGMENT IN A CRIMINAL CASE**
v. )
KENNETH WAYNE JOHNSON )
) Case Number: 2:13CR20011-01
) USM Number: 25615-076
)
) Edwin A. Perry
) Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Indictment on 2/28/2014

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2 | Distribution of Child Pornography | 11/29/2011 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2, 3 and 4   ☐ is   ☑ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/17/2014
Date of Imposition of Judgment

s/ S. Thomas Anderson
Signature of Judge

S. Thomas Anderson       U.S. District Court Judge
Name and Title of Judge

6/18/2014
Date

AO 245B   (Rev. 09/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: KENNETH WAYNE JOHNSON
CASE NUMBER: 2:13CR20011-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

121 Months.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility as close as possible to McNairy County, Tennessee.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____.

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☒ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:





Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
       Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT:    KENNETH WAYNE JOHNSON
CASE NUMBER:    2:13CR20011-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☒   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

5) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

6) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;

7) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

9) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

10) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

11) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

12) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: KENNETH WAYNE JOHNSON
CASE NUMBER: 2:13CR20011-01

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall participate in mental health counseling as directed by the Probation Officer.

2. The defendant's employment and change of address must be approved by the Probation Officer.

3. The defendant must participate in a specialized sex offender treatment program that may include use of a polygraph.

4. The defendant may not directly or indirectly have contact with any child under age 18; excluding biological children; and may not loiter near school yards, playgrounds, swimming pools, arcades, or other places frequented by children. The defendant is allowed to have supervised contact with his biological children and is not precluded from being in public accommodations (restaurants, grocery stores, etc.) where children are only incidentally present.

5. The defendant's place of residence may not be close in proximity to parks, playgrounds, public schools, or other locations frequented by children.

6. The defendant must abide by an evening curfew as set by the Probation Officer and submit to remote monitoring, including wearing and maintaining a device for such purposes which may not be removed without the Probation Officer's permission.

7. The defendant shall not possess, or use, a computer with access to any "online computer service" or other forms of wireless communication at any location (including employment) without the prior approval of the Probation Officer. This includes any Internet Service Provider, bulletin board system, or any other public or private network or e-mail system.

8. The defendant shall complete and comply with sex offender registration requirements, sex offender treatment conditions, polygraph examination condition, and shall follow the specific instructions of the Probation Officer in regard to these requirements.

9. The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, all electronic communications or data storage devices or media, including Wi-Fi and effects to search at any time, with or without a warrant, by a law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any Probation Officer in the lawful discharge of the Officer's supervision functions.

Judgment — Page 5 of 6

DEFENDANT: KENNETH WAYNE JOHNSON
CASE NUMBER: 2:13CR20011-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 2,667.90 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Address | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| Cusack, Gilfillan & O'Day, LLC c/o Trust Account "Cindy" | 415 Hamilton Boulevard Peoria, IL 61602 | $767.90 | $767.90 | |
| Carol Hepburn, LLC c/o Trust Account "Vicky" | 2722 Eastlake Ave., E, Ste. 200 Seattle, WA 98102 | $1,050.00 | $1,050.00 | |
| Lenahan Law c/o Trust Account "Angela" Attn: Jennifer Montgomery, Victim Witness Asst. | 2655 Villa Creek, Ste. 204 Dallas, TX 75234 | $850.00 | $850.00 | |
| **TOTALS** | | $ 2,667.90 | $ 2,667.90 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: KENNETH WAYNE JOHNSON
CASE NUMBER: 2:13CR20011-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay restitution in regular monthly installments of not less than 10% of gross monthly income. Interest requirement is waived. Defendant shall notify Court and U.S. Attorney of any material change in economic circumstances that may affect defendant's ability to pay restitution.

Unless the court has expressly ordered otherwise, all criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 167 N. Main Street, Room 242, Memphis, TN. 38103 for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    One (1) Compaq Presario CPU, SN: MXK4081D1T; One (1) HP Pavilion computer, SN: CNC4431L4W; One (1) Dell Dimension computer, SN: 4CL3P01; One (1) e-machine computer, model W3503, SN: CRC6510002163; One (1) Kingston 2GB thumb drive; One (1) 4GB Kingston thumb drive.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.